## DISTRICT COURT IN THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

**Nelson Omar Rivera Castillo**
        *Petitioner,*

    v.

**DIRECTOR STEVE KURZDORFER, IN HIS OFFICIAL
CAPACITY AS DIRECTOR OF BUFFALO FIELD
OFFICE OF U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT, ASSISTANT DIRECTOR JOSEPH
FREDEN, IN HIS OFFICIAL CAPACITY AS OFFICER
IN-CHARGE, BUFFALO FEDERAL DETENTION FACILITY.**
        *Respondent.*

25 CV 1065 -JLS

**VERIFIED PETITION FOR WRIT
OF HABEAS CORPUS PURSUANT
TO 28 U.S.C. § 2241**



-------------------------------------------------------------------X

October 15, 2025

## INTRODUCTION

1. My name is **Nelson Omar Rivera Castillo** ("Petitioner").

~~2. Since I have entered the United States, I have been accorded the following immigration status:~~

_____.

3. I am currently being detained by the Department of Homeland Security ("DHS") at the Buffalo Federal Detention Facility ("BFDF") in Batavia, New York 14020. I have been in immigration detention since approximately **March 6, 2025** .

4. I was served with a Notice to Appear ("NTA") **on august 8, 2023**, charging me with removable based on my conviction(s) for  **Attempt to assault in 2do degree felony E sentence 1-3 years** . **On June 17, 2024, The Motion for Extension of time to take Appeal from Judgment of the County Court, Suffolk County is GRANTED , rendered April 5, 2023, upon plea guilty.**

5. As such, I have been subject to mandatory immigration detention for approximately **Nineteen** months while my removal proceedings are pending.

6. Without intervention from this Court, my detention will continue, as my immigration case is ongoing.

7. When a person has ongoing immigration proceedings, immigration detention without a bond hearing is considered unreasonably prolonged in violation of the Due Process Clause of the Fifth Amendment if such detention exceeds six months.

8. DHS has not yet conducted a bond hearing to determine whether my continued detention is justified.

9. My immigration detention is unreasonably prolonged because I have been detained for more than six months without a bond hearing, and my detention will continue without a bond hearing unless this Court grants me relief.

10. Once it is established that immigration detention is unreasonably prolonged, the burden shifts to the government to prove by clear and convincing evidence that my continued detention is warranted either because I am dangerous or because I pose a flight risk.

11. Accordingly, I respectfully request that this Court issue a writ of habeas corpus and order the Respondent to release me from their custody because the Respondent cannot establish by clear and convincing evidence that my continued detention is warranted, and continuing to detain me violates my constitutional due process rights under the Fifth Amendment. In the alternative, I respectfully request this Court order a bond hearing where the Respondent bears the burden to prove by clear and convincing evidence that my continued detention is necessary to prevent flight or danger to the community.

## PARTIES

12. Petitioner,  **Nelson Omar Rivera Castillo** , is detained at Buffalo Federal Detention Facility.

13. Respondent **DIRECTOR STEVE KURZDORFER** IN HIS OFFICIAL CAPACITY AS DIRECTOR OF BUFFALO FIELD OFFICE OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, and Respondent **ASSISTANT  JOSEPH  FREDEN**  is sued in his official capacity as the Officer-in-Charge of the Buffalo Federal Detention Facility, at which Petitioner is currently detained.

## JURISDICTION AND VENUE

14. Jurisdiction is proper under the U.S. Constitution, U.S. CONST. art. I § 9, cl. 2 ("Suspension Clause"), and federal statutes 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 2241 (habeas corpus); and 28 U.S.C. § 1651 (All Writs Act).

15. Additionally, this Court has jurisdiction to grant injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2202.

16. Federal district courts have jurisdiction to hear habeas corpus claims by noncitizens challenging their detention by DHS, *see Demore v. Kim*, 538 U.S. 510, 516-17 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001).

17. Furthermore, while 8 U.S.C. § 1226(e) bars judicial review of the discretionary denial of bond, it does not bar constitutional challenges to the bond hearing process. *See, e.g., Medley v. Decker*, No. 18-CV-7361 (AJN), 2019 WL 7374408, at *3 (S.D.N.Y. Dec. 11, 2019) (federal district courts have habeas jurisdiction to hear challenges to constitutional adequacy of bond hearing procedures); see also *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011) ("[C]laims that the [bond] process itself was constitutionally flawed are 'cognizable in federal court on habeas . . . .'") (quoting *Gutierrez–Chavez v. INS*, 298 F.3d 824, 829 (9th Cir.2002)).

18. Venue is proper in the U.S. District Court for the Western District of New York under 28 U.S.C. § 1391 because the Defendant is in this District; I am currently being detained within this District at the Buffalo Federal Detention Facility in Batavia, New York; and a substantial part of the events giving rise to the claims in this action took place in this District.

## STATUTORY FRAMEWORK

19. Congress has authorized DHS to mandatory detain noncitizens who are convicted of certain crimes without the opportunity for a bond hearing. 28 U.S.C. § 1226(c).

20. The statute itself is silent on whether DHS is authorized to detain such noncitizens subject to mandatory detention for the entirety of their removal proceedings, regardless of how long such proceedings may take. See id.

21. When a person has ongoing immigration proceedings, immigration detention without a bond hearing is considered unreasonably prolonged in violation of the Due Process Clause of the Fifth Amendment if such detention exceeds six months. *Matos v. Barr,* 509 F.Supp.3d 3, 11 (W.D.N.Y. 2020).

## EXHAUSTION OF REMEDIES

22. There is no statutory exhaustion requirement for a petition challenging immigration detention. *See Araujo-Cortes v. Shanahan,* 35 F. Supp. 3d 533, 538 (S.D.N.Y. 2014).

23. I am not required to exhaust administrative avenues to challenge my detention because the statutory authority subjects me to mandatory detention and, as such, does not provide me with any meaningful administrative options with which to challenge my detention. *See* 8 U.S.C. § 1226(c); *see also Cave v. East Meadow Union Free Sch. Dist.,* 514 F.3d 240, 249 (2d Cir. 2008) ("The exhaustion requirement is excused when exhaustion would be futile because the administrative procedures do not provide an adequate remedy.") (citing *Honig v. Doe,* 484 U.S. 305, 327 (1988)).

## LEGAL ARGUMENT

### Procedural Due Process Requires that I Be Released or, at Minimum, Afforded a Constitutionally Adequate Bond Hearing at Which the Government Must Justify My Continued Detention

24. The U.S. Supreme Court's opinion in *Zadvydas v. Davis* stands for the proposition that "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). The Fifth Amendment's Due Process Clause forbids the federal government from depriving any "person . . . of . . . liberty . . . without due process of law." U.S. CONST. amend. V. Prolonged detention requires due process protections for individuals, even those whose "presence in this country is unlawful." *Plyler v. Doe*, 457 U.S. 202, 210 (1982). Thus, as the Court noted, "[a] statute permitting indefinite detention of [a noncitizen] would raise a serious constitutional problem." *Zadvydas*, 533 at 690.

25. By subjecting noncitizens like myself to mandatory immigration detention, 8 U.S.C. § 1226(c) permits indefinite detention, thus raising the very serious constitutional problem that the Court had cautioned against in *Zadvydas*.

26. Although the Supreme Court ruled in *Demore* that mandatory detention pending removal proceedings is not unconstitutional per se, the Court left open the question of whether the duration of such mandatory detention is subject to constitutional constraints. Such constitutional constraints can be found in the Fifth Amendment of the U.S. Constitution, which, as the Court recognized in Demore, "entitles [noncitizens] to due process of law in deportation proceedings." 538 U.S. at 523 (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)).

27. While the Supreme Court held in Jennings v. Rodriguez, 583 U.S. ____, 138 S. Ct. 830 (2018), that § 1226(c) does not require bond hearings in prolonged detention cases as a matter of statutory construction, it did not express any views on whether the U.S. Constitution itself requires a bond hearing, leaving it to the lower courts to address the issue of what process is due when detention is unreasonably prolonged.

## My Detention Has Become Unreasonably Prolonged

28. In the wake of Jennings, the Western District of New York ("WDNY") has developed a two-step inquiry for evaluating procedural due process challenges to prolonged immigration detention. *Hemans v. Searls,* No. 18-CV-1154, 2019 WL 955353, at *5 (W.D.N.Y. Feb. 27, 2019).

29. In the first step of the inquiry, the Court considers whether the detention has been unreasonably prolonged by weighing several distinct factors. Id. If the Court finds that the detention was unreasonably prolonged, it proceeds to step two of the inquiry, which involves identifying what process is due by considering the factors outlined in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *Hemans*, 2019 WL 955353, at *5., *see also Hechavarria v. Sessions*, No. 15-CV-1058 (LJV), 2018 WL 5776421, at *7-9 (W.D.N.Y. Nov. 2, 2018). If the government has failed to provide the detained person with the procedural safeguards dictated by the *Mathews* factors, then the detained person's continued detention violates procedural due process. *Hechavarria*, 2018 WL 5776421 at *8-9.

30. To determine whether one's immigration detention is unreasonably prolonged, courts in this district have adopted the following multi-factor test articulated in *Cabral v. Decker*:

> [T]he length of time the petitioner has been detained; (2) the party responsible for the delay; (3) whether the petitioner has asserted defenses to removal; (4) whether the detention will exceed the time the petitioner spent in prison for the crime that made him removable; (5) whether the detention facility is meaningfully different from a penal institution for criminal detention; (6) the nature of the crimes committed by the petitioner; and (7) whether the petitioner's detention is near conclusion.

331 F. Supp. 3d 255, 261 (S.D.N.Y. 2018).

31. The first factor, the length of immigration detention, is the most important factor. *Ranchinskiy v. Barr*, 422 F. Supp. 3d 789, 797 (W.D.N.Y. 2019) (quoting *Bermudez Paiz v. Decker*, No. 18-CV-4759 (GHW) (BCM), 2018 WL 6928794, at *13 (S.D.N.Y. Dec. 27, 2018)). 32. Courts in the Second Circuit have "generally been skeptical of prolonged detention of removable immigrants, without process, lasting over six months," *Ranchinskiy*, 422 F. Supp. 3d at 797 (quoting *Lett v. Decker*, 346 F. Supp. 3d 379, 387 (S.D.N.Y. 2018)).

33. Moreover, in *Demore*, the Supreme Court heavily relied on the average length of detention for people detained under § 1226 as support for its constitutionality, reasoning that a six-week detention was the average and that a five-month detention counts as an outlier. 538 U.S. at 530.

34. I have been detained since <u>March 6, 2025</u> , and have been detained for over <u>Nineteen</u> months. Since the length of my detention exceeds six months, the first factor weighs in my favor when determining whether my detention has become unreasonably prolonged.

35. The second factor considered is the question of which party is responsible for the detention being unreasonably prolonged. Cabral, 331 F. Supp. 3d at 261.

36. While a detained person who is found to be "abusing the processes provided to him" would bear the responsibility of their detention being prolonged, a detained person who "simply made use of the statutorily permitted appeals process" cannot be made responsible for his prolonged detention. Hechavarria v. Sessions, 891 F. 3d 49, 56 n.6 (W.D.N.Y. 2018); *see also Hechavarria*, 2018 WL 5776421 at *7.

37. An immigration judge ordered me deported on <u>June 4, 2025</u> .

38. After being denied relief, I appealed my case to the Board of Immigration Appeals ("BIA") on approximately <u>July 7, 2025.</u>

39. Factor two weighs in my favor as I have made use of the "statutorily permitted appeals process". Id.

40. Factor three weighs in my favor since I have asserted the following defense(s) to my removal: <u>DEFERRAL OF REMOVAL UNDER THE CONVENTION AGAINST TORTURE ("CAT") WIT</u> <u>HOLDING OF REMOVAL.</u>

41. Factor four weighs in my favor because the length of my immigration detention, <u>seventeen</u> months, exceeds <u>eleven</u> months, the amount of time I spent in prison for the conviction(s) that made me removable.

42. Factor five weighs in my favor because my detention at the BFDF is not meaningfully different from detention at a penal institution because it comprises many of the same restrictions that often accompany penal detention, including restrictions on movement and expectations to follow orders of presiding facility officers. *See Ranchinskiy*, 422 F. Supp. 3d at 799 (finding, absent rebuttal from the government, that detention at the BFDF is akin to criminal incarceration); *Gonzales Garcia v. Barr*, No. 6:19-CV-6327-EAW, 2020 WL 525377, at *15 (W.D.N.Y. Feb. 3, 2020) *enforcement denied on other*

*grounds sub nom. Gonzales Garcia v. Rosen*, 513 F. Supp. 3d 329 (W.D.N.Y. 2021) ("[T]he reality is that the [BFDF] houses [noncitizens] against their will with various restrictions on their freedom of movement. Thus, while perhaps not akin to a maximum-security prison . . . the facility does not seem meaningfully different from at least a low-security penal institution for criminal detention.").

43. Factor seven weighs in my favor because my case is ongoing.

44. Since a majority of the factors in the multi-factor test weigh in my favor, particularly factor one pertaining to the excessive length of my detention, there is sufficient evidence to conclude that my detention is unreasonably prolonged.

45. Once the Court has found that detention is unreasonably prolonged, it moves to the second step of the two-step inquiry, which asks what specific due process rights should be afforded. *Hechavarria*, 2018 WL 5776421 at *7-9.

### Because My Detention Has Been Unreasonably Prolonged and I Am Being Deprived of a Liberty Interest, Due Process Demands My Release or, at Minimum, That I Receive a Constitutionally Adequate Bond Hearing

46. Due process demands "adequate procedural protections" to ensure that theM government's asserted justification for physical confinement "outweighs the 'individual's constitutionally protected interest in avoiding physical restraint.'" *Zadvydas*, 533 U.S. at 690 (quoting *Kansas v. Hendricks*, 521 U.S. 346, 356 (1997)).

47. In *Mathews v. Eldridge*, the Supreme Court provided a three-factor test to weigh the constitutionality of administrative procedures: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. 319, 335 (1976). Each of the *Mathews* factors weighs heavily in favor of release or, at minimum, requiring a constitutionally adequate bond hearing once detention under 8 U.S.C. § 1226(c) has become prolonged.

48. First, the importance and fundamental nature of an individual's liberty interest is well established. *See Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment . . . lies at the heart of [] liberty . . . ."); cf. Hechavarria, 2018 WL 5776421 at *8 ("[T]his Court finds little difference between Hechavarria's detention and other instances where the government seeks the civil detention of an individual to effectuate a regulatory purpose.").

49. Here, the fundamental nature of freedom weighs in favor of my release. I completed my criminal sentence on <u>March 6, 2024,</u> and I have been detained by Respondent for over <u>Nineteen</u> , months without any meaningful judicial review.

50. Second, the risk that my freedom will be erroneously deprived is significant. Crucially, I have no opportunity to challenge my detention because the statute mandates detention regardless of whether I am a flight risk or danger to the community. *See Jennings*, 138 S. Ct. at 844 (discussing the use of "may [detain]" and "shall [detain]" in the context of 8 U.S.C. § 1226 and the requirement of detention when the statute uses "shall.").

51. Furthermore, any internal process at DHS to determine whether release is warranted is not subject to review or challenge. Thus, there is a significant risk of erroneous, unwarranted detention, and the deprivation of my liberty interests. *See e.g., Hechavarria*, 2018 WL 5776421, at *8 ("[G]iven that the statute precludes any pre- or post-deprivation procedure to challenge the government's assumption that an immigrant is a danger to the community or a flight risk, it presents a significant risk of erroneously depriving [Petitioner] of life and liberty interests."); *see also Chi Thon Ngo*, 192 F.3d 390, 398-99 (3d Cir. 1999) ("To presume dangerousness to the community and risk of flight based solely on his past record does not satisfy due process. . . . [P]resenting danger to the community at one point by committing crime does not place [a petitioner] forever beyond redemption.").

52. Finally, the procedure I propose—namely, requiring that the DHS prove to this court or, in the alternative, an immigration judge, that my continued detention is justified—does not meaningfully prejudice the government's interest in detaining dangerous noncitizens during removal proceedings. Instead, it serves just that purpose. *See e.g., Hechavarria*, 2018 WL 5776421 at *8 ("The government . . . contends that it has a regulatory interest in [petitioner's] detention pending removal based on his serious criminal history and risk of flight. This Court agrees that both of these interests may

well be 'legitimate and compelling.' But those are the very interests that would be addressed at a detention hearing. So the government's continued assertion that [the petitioner] must be detained because he is dangerous simply begs the question and suggests exactly why a hearing is necessary.") (internal citations omitted).

53. As the Second Circuit articulated in *Velasco Lopez v. Decker*, once detention has become prolonged, it is in everyone's—the petitioner, the Government, and the public's—interest for the petitioner to receive a constitutionally adequate custody redetermination hearing. *See* 978 F.3d 842, 857 (2d Cir. 2020) ("The irony in this case is that, in the end, all interested parties prevailed. The Government has prevailed because it has no interest in the continued incarceration of an individual who it cannot show to be either a flight risk or a danger to his community. [The petitioner] has prevailed because he is no longer incarcerated. And the public's interest in seeing that individuals who need not be jailed are not incarcerated has been vindicated.").

54. In the immigration context, the only two valid justifications for detention are to mitigate the risks of danger to the community and to prevent flight. *See Demore*, 538 U.S. at 531 (Kennedy, J., concurring) ("[T]he justification for 8 U.S.C. § 1226(c) is based upon the government's concerns over the risk of flight and danger to the community").

55. Given the gravity of the liberty deprivation when the government detains individuals, due process requires that the government bear the burden of proof by clear and convincing evidence for detaining an individual, particularly after that detention has become prolonged. *Cf. Velasco Lopez v. Decker*, 978 F.3d 842, 856 (2d Cir. 2020). (stating, for an 8 U.S.C. § 1226(a) prolonged detention claim, "it is in improper to allocate the risk of error evenly between the individual and the Government when the potential injury is as significant as the individual's liberty. Accordingly, we conclude that a clear and convincing evidence standard of proof provides the appropriate level of procedural protection.").

56. Consistent with these principles, the WDNY has found that, where a particular detained person's mandatory detention becomes unreasonably prolonged, due process requires the government to show, by clear and convincing evidence, that continued detention is necessary because that detained person is a flight risk or is dangerous. *Jules v. Garland*, No. 21-CV-6342 CJS, 2021 WL 4973081, at *7 (W.D.N.Y. Oct. 26, 2021); *see also Campbell v. Barr*, 387 F. Supp. 3d 286, 300 (W.D.N.Y. 2019) ("To sustain the prolonged detention of [a noncitizen] subject to removal proceedings based on its general interests in

immigration detention, the government is required, in a full-blown adversary hearing, to convince a neutral decisionmaker by clear and convincing evidence that no conditions of release can reasonably assure the safety of the community or any person, or ensure that the [noncitizen] will appear for any future proceeding. This requires consideration of less restrictive alternatives to detention.") (internal citations and quotation marks omitted); *Ranchinskiy*, 422 F. Supp. 3d at 800 ("[B]oth due process and BIA precedent require the IJ to consider ability to pay and alternative conditions of release in setting bond.").

## CLAIM FOR RELIEF

### COUNT ONE:

### MY ONGOING DETENTION VIOLATES THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT

57.    I reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

58.    Detained people who have been mandatorily detained in immigration detention for an unreasonably prolonged period must be released absent clear and convincing evidence that the detained person is dangerous or a flight risk, and that no conditions of release can reasonably mitigate that danger or flight risk.

59.    For these reasons, my continued detention without, at minimum, a constitutionally adequate hearing violates due process.

**PRAYER FOR RELIEF**

WHEREFORE, I respectfully pray that this Court:

1. Assume jurisdiction over this matter;

2. Grant a Writ of Habeas Corpus directing the Respondent to release me from further unlawful detention;

3. Enter preliminary and permanent injunctive relief enjoining Respondent from unlawfully detaining me any further;

4. In the alternative, issue a conditional writ of habeas corpus requiring Respondent to provide me with an individualized bond hearing before a neutral arbiter at which Respondent must bear the burden of establishing by clear and convincing evidence that my continued detention is justified;

5. Order that in considering my detention, the Court should require respondents must consider alternatives to detention and my ability to pay when setting a monetary bond;

6. Grant such further relief as the Court deems just and proper.

I affirm, under penalty of perjury, that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.

Respectfully submitted,

Nelson Omar Rivera Castillo
A#: 240-478-025
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, New York 14020

DATED: October 15, 2025
Batavia, New York



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

RIVERA CASTILLO, NELSON OMAR
A 240478025
4250 Federal Drive
Batavia NY 14020

DHS/ICE Office of Chief Counsel - BTV
4250 Federal Dr.
Batavia NY 14020

Name: RIVERA CASTILLO, NELSON OM    A 240-478-025

Date of this Notice:    1/10/2025

Enclosed is a copy of the Board's decision in the above-referenced case. This copy is being provided to you as a courtesy. Your attorney or representative has been served with this decision pursuant to 8 C.F.R. § 1292.5(a). If the attached decision orders that you be removed from the United States or affirms an Immigration Judge's decision ordering that you be removed, any petition for review of the attached decision must be filed with and received by the appropriate court of appeals within 30 days of the date of the decision.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

Enclosure

Userteam: Docket

## NOT FOR PUBLICATION

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

MATTER OF:

Nelson Omar RIVERA CASTILLO, A240-478-025

Respondent

**FILED**
Jan 10, 2025

ON BEHALF OF RESPONDENT: Jillian Nowak, Esquire

ON BEHALF OF DHS: Robert P. Levy, Assistant Chief Counsel

IN REMOVAL PROCEEDINGS
On Appeal from a Decision of the Immigration Court, Batavia, NY

Before: López, Appellate Immigration Judge

LÓPEZ, Appellate Immigration Judge

The respondent, a native and citizen of Honduras, appeals from the Immigration Judge's July 16, 2024, decision denying his request for protection under the regulations implementing the Convention Against Torture ("CAT").[1] The respondent has also filed a motion to remand to apply for withholding of removal under section 241(b)(3) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(b)(3), pursuant to *Brathwaite v. Garland*, 3 F.4th 542 (2d Cir. 2021), and *Matter of Brathwaite*, 28 I&N Dec. 751 (BIA 2023). The Department of Homeland Security opposes the appeal. The record will be remanded for further proceedings, and the motion to remand will be denied as moot.[2]

We review the findings of fact, including the determination of credibility, made by the Immigration Judge under the "clearly erroneous" standard. 8 C.F.R. § 1003.1(d)(3)(i). We review all other issues, including issues of law, discretion, or judgment, under the de novo standard. 8 C.F.R. § 1003.1(d)(3)(ii).

The respondent testified that a female cousin was murdered by MS-13 for unknown reasons in 1998 (IJ at 8; Tr. at 49-50). MS-13 members later attempted to recruit him in 2007 (IJ at 8-9; Tr. at 52-55). In 2009, the respondent's friend tried to recruit him into MS-13 and then stabbed him in 2010 (IJ at 9; Tr. at 57-60). In 2020, while living with his wife in the United States, the

---

[1] The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100–20, 1465 U.N.T.S. 85 (entered into force for United States Nov. 20, 1994). 8 C.F.R. §§ 1208.16(c)-1208.18.

[2] The fee waiver request is granted.

A240-478-025

couple received threatening messages from an individual in the United States with ties to El Salvador (IJ at 10; Tr. at 65-66, 94).

We will remand the record for the Immigration Judge to provide a more complete decision. *See Matter of S-H-*, 23 I&N Dec. 462, 465 (BIA 2002) (explaining the need for Immigration Judges to include in their decisions clear and complete findings of tact that are supported by the record and are in compliance with controlling law). The section of the Immigration Judge's decision analyzing credibility states that the Immigration Judge adopted and incorporated the analysis in the statement of facts section that "impinge on [the respondent's] credibility" (IJ at 12). However, the statement of facts section conflates credibility and corroboration, which are distinct issues and must be analyzed separately (IJ at 5-11). *See Matter of L-A-C-*, 26 I&N Dec. 516, 518 (BIA 2015) (differentiating between credibility and corroboration). On remand, the Immigration Judge should distinctly analyze these issues, as the present decision contains unclear findings.

Although the Immigration Judge found that the respondent's application was not denied because of the lack of corroboration, many of the Immigration Judge's findings imply the opposite, hindering our appellate review. For example, the Immigration Judge found that "there are several areas of corroboration that should have and could have reasonably been provided," and "corroboration could have greatly assisted [the respondent's] claims" (IJ at 12). If the Immigration Judge finds that corroboration was required, the Immigration Judge should specify the missing corroboration and make findings as to whether such corroboration was reasonably available. *See Matter of L-A-C-*, 26 I&N Dec. at 519.

The Immigration Judge should also issue additional analysis regarding the respondent's eligibility for protection under the CAT. We agree with the respondent that the Immigration Judge's decision did not include analysis regarding his claim that several of his family members have been executed by gang members for their participation in a vigilante group aimed at eradicating gang violence (IJ at 12-18; Tr. at 67-71, 115; Exh. 10, Tabs U-X, Z; Respondent's Br. at 30-33). *See Matter of J-R-G-P-*, 27 I&N Dec. 482, 484 (BIA 2018) (stating that an Immigration Judge must consider the aggregate risk of torture from all sources). For these reasons, we will remand the record for further consideration of the respondent's CAT application.

It is undisputed that, on or about April 5, 2023, the respondent was convicted of attempted assault in the second degree in violation of section 110-120.05(02) of the New York Penal Law (IJ at 2; Exh. 3). In his motion to remand, the respondent asserts that on April 3, 2024, he appealed his criminal conviction, but he was not notified that his appeal was granted until after the conclusion of the Immigration Court proceedings (Respondent's Mot. at 1-3). He submitted a copy of the state court order dated June 17, 2024, which shows that the court accepted his appeal under section 460.30 of the New York Criminal Procedure Law. Therefore, the respondent asserts that his conviction is now on direct appeal and no longer final for immigration purposes pursuant to *Brathwaite v. Garland* (Respondent's Mot. at 3-4). *See also Matter of Brathwaite*, 28 I&N Dec. at 753-56.

In light of our remand for further consideration of the respondent's CAT application, the Immigration Judge should consider this evidence regarding respondent's appeal, how that may

2

A240-478-025

affect eligibility for further relief from removal and allow the parties to introduce additional evidence and argument. In remanding, we express no opinion regarding the resolution of this matter.

Accordingly, the following orders will be entered.

ORDER: The record is remanded to the Immigration Court for further proceedings consistent with the foregoing opinion and for entry of a new decision.

FURTHER ORDER: The motion to remand is denied as moot.

# Supreme Court of the State of New York
## Appellate Division: Second Judicial Department

M297147
AFA/

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

---

2024-02693

The People, etc., respondent,
v Nelson Rivera Castillo, appellant.

(Ind. No. 71407/2022)

DECISION & ORDER ON MOTION
Motion for Poor Person Relief
and to Assign Counsel

---

Motion by Nelson Rivera Castillo pursuant to CPL 460.30 for an extension of time to take an appeal from a judgment of the County Court, Suffolk County, rendered April 5, 2023, upon a plea of guilty, for leave to prosecute the appeal as a poor person, and for the assignment of counsel.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

ORDERED that the motion is granted; and it is further,

ORDERED that the moving papers are deemed to constitute a timely notice of appeal; and it is further,

ORDERED that the appeal will be heard on the original papers (including a certified transcript of the proceedings, if any) and on the appellant's and the respondent's briefs; the appellant and the respondent are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other, or, if the appellant is self-represented and unable to upload a digital copy, to file one original copy with the Clerk of this Court, with proof of service of one hard copy on the respondent (22 NYCRR 670.9[a]); additionally, the appellant is directed to file proof of service of a subpoena upon the clerk of the court of original instance requiring all documents constituting the record on appeal to be filed with the Clerk of this Court (22 NYCRR 1250.9[a][4][i]); and it is further,

ORDERED that the stenographer of the trial court is directed promptly to make, certify, and file two transcripts of the proceedings of any pretrial hearings, of the plea of guilty or of the trial, and of the imposition of sentence in this action, except for those minutes previously

June 17, 2024

PEOPLE v CASTILLO, NELSON RIVERA

Page 1.

transcribed and certified (*see* 22 NYCRR 671.9); and it is further,

ORDERED that in the event that the case was tried to a conclusion before a jury, the stenographer shall also make, certify, and file two transcripts of the minutes of proceedings during jury selection; and it is further,

ORDERED that the Clerk of the trial court shall furnish one certified transcript of each of the proceedings set forth above to the appellant's counsel, without charge (*see* CPL 460.70); assigned counsel is directed to turn over those transcripts to the respondent when counsel serves the appellant's brief on the respondent; and it is further,

ORDERED that in the event the stenographer has already prepared a copy of any of the minutes for a codefendant, then the Clerk of the trial court is directed to reproduce a copy thereof for assigned counsel; and it is further,

ORDERED that upon service of a copy of this decision and order on motion upon it, the Department of Probation is hereby authorized and directed to provide assigned counsel with a copy of the presentence report prepared in connection with the appellant's sentencing, including the recommendation sheet and any prior reports on the appellant which are incorporated in or referred to in the report, and to provide additional copies to this Court upon demand; and it is further,

ORDERED that in the event an issue as to the legality, propriety, or excessiveness of the sentence is raised on appeal, or if assigned counsel cites or relies upon the probation report in a brief or motion in any other way, counsel shall provide a complete copy of such report and any attachments to the Court and the District Attorney's office prior to the filing of such brief or motion; and it is further,

ORDERED that pursuant to County Law § 722 the following named attorney is assigned as counsel to prosecute the appeal:

Laurette D. Mulry
Legal Aid Society of Suffolk County
300 Center Drive, PO Box 1697
Riverhead, NY 11901-3398

and it is further,

ORDERED that the appellant's time to perfect the appeal is extended; assigned counsel shall prosecute the appeal expeditiously in accordance with this Court's rules (*see* 22 NYCRR 1250.9) and written directions; and it is further,

ORDERED that in the event the file has been sealed, it is hereby unsealed for the limited purpose of allowing assigned counsel or his or her representative access to the record for the purpose of preparing the appeal; such access shall include permission to copy the papers insofar as they pertain to the appellant; and it is further,

June 17, 2024

PEOPLE v CASTILLO, NELSON RIVERA

Page 2.

ORDERED that assigned counsel is directed to serve a copy of this decision and order on motion upon the clerk of the court from which the appeal is taken.

CONNOLLY, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.

ENTER:

Darrell M. Joseph
Clerk of the Court

*Appellant's Address*:
Please make inquiry to the State Inmate Locator
New York State Department of Correctional Services
Telephone: (518) 457-0043

June 17, 2024

PEOPLE v CASTILLO, NELSON RIVERA

Page 3.

# **Proof of Service**

 **Nelson Omar Rivera Castillo** 
*(Name of alien or aliens)*


     240-478-025     
*("A number" of each alien)*


On     October 15,2025          *Nelson Omar Rivera Castillo*
 *(date of mailing or delivery)*         *(printed name of person signing below)*

mailed or delivered a copy of this :
**VERIFIED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**


and any attached pages to :
## The Clerk of the United States District Court


at the following address:
 **U.S. Courthouse**
 **2 Niagara Square**
 **Buffalo, New York 14202**


by :
## first class mail

*(method of delivery, for example: overnight courier, hand-delivery, first class mail)*


_____     10/15/2025 
 *(signature)*         *(date)*

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Nelson Omar Rivera Castillo

**DEFENDANTS** Director Steve kurzdorfer, in his official capacity as director of buffalo field office of U.S. ICE, assistant director Joseph Freden, in his official capacity as officer in-charge, BFDF.

**(b)** County of Residence of First Listed Plaintiff   Genesee County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Genesee County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Pro Se

Attorneys (If Known)

25  CV  1065

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☒ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 2241
Brief description of cause:
Ongoing detention violates due process

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
October 15, 2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

| Print | Save As... | Export as FDF | Retrieve FDF File | Reset |

Nelson Omar Rivera Castillo
A# 8025
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, NY 14020



Buffalo Federal Detention
Rochester RPDC Lts ZIP
FRI 17 OCT 2025 PM

USDC - WDNY
OCT 20 2025
BUFFALO

TO: The Clerk of U.S.
District Court
U.S. Court Hhouse

2 Niagara Square
Buffalo, New York 14202